IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| SURKHAB SINGH, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 6:26-cv-03096-RK |
| PAM BONDI, US ATTORNEY GENERAL; et al., | ) |
| Defendants. | ) |

**ORDER**

Petitioner Surkhab Singh is currently being held in custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement at the Greene County Justice Center in Springfield, Missouri.

Petitioner entered the United States without legal authorization on May 9, 2023, almost three years ago. (Doc. 1 at ¶ 14.) Petitioner was issued a Notice to Appear on or around July 24, 2023, and was released on his own recognizance and an Order of Supervision. (*Id.* at ¶¶ 15, 16.) Petitioner filed an Application for Asylum, Withholding of Removal, and Relief under Convention Against Torture on November 13, 2023, which remains pending. (*Id.* at ¶ 5.) Petitioner never missed any of the required check-in appointments under the Order of Supervision. (*Id.* at ¶ 16.) Petitioner has no criminal history and, other than the July 2023 arrest by Customs and Border Protection, has never been arrested, whether in the United States or elsewhere. (*Id.* at ¶ 19.) On December 15, 2025, however, Petitioner was detained when he appeared at a Chicago, Illinois ICE office as he had been instructed. (*Id.* at ¶ 18.) Petitioner has remained in detention without a bond hearing since. Petitioner seeks habeas relief, arguing that his detention is unconstitutional and unlawful. (*See generally id.*)

Federal Respondents[1] argue in an abbreviated show-cause response brief that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (*See generally* Doc. 6.) Petitioner

---

[1] "Federal Respondents" refers to Pam Bondi, U.S. Attorney General; Kristi Noem, Secretary of Homeland Security; Todd Lyons, ICE Director; Samuel Olsen, ICE Field Office Director, Chicago Field Office; Department of Homeland Security; and U.S. ICE. Respondent Greene County Sheriff James Arnott, named in his official capacity, did not file a show-cause response.

argues, *inter alia*, that as a matter of statutory interpretation he is not subject to mandatory detention under § 1225(b)(2)(A) but is instead subject to discretionary detention under 8 U.S.C. § 1226(a), which requires a bond hearing.

Title 28 U.S.C. § 2241 authorizes federal courts to grant a writ of habeas corpus on application of a person (including an alien unlawfully in the United States) held "in custody in violation of the Constitution or laws or treaties of the United States." *See Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). As Federal Respondents acknowledge, this habeas petition primarily raises a question of law (specifically, a question of statutory interpretation under the Immigration and Nationality Act) that this Court, among many other district courts, has recently addressed. The Court, consistent with other district judges in the Western District, has rejected the federal government's interpretation of § 1225(b)(2)(A) and has held that for persons like Petitioner who have previously entered the United States unlawfully and remained for some time, the controlling detention statute is § 1226(a), and therefore a bond hearing is required. *See, e.g.*, *Vega v. Arnott*, No. 6:26-cv-3097-MDH, 2026 WL 482906, at *2-6 (W.D. Mo. Feb. 20, 2026); *Francisco v. Arnott*, No. 25-03377-CV-S-BP, 2025 WL 3754231, at *3-5 (W.D. Mo. Dec. 29, 2025); *Escoto v. Arnott*, No. 25-cv-03364-BCW, doc. 6 (W.D. Mo. Dec. 17, 2025) (slip op.); *Flores-Espinoza v. Arnott*, No. 4:25-cv-00791-RK, doc. 8 (W.D. Mo. Dec. 1, 2025) (slip op.); *Hernandez-Cuevas v. Olson*, No. 4:25-cv-00830-BP, doc. 10 (W.D. Mo. Nov. 5, 2025) (slip op.).[2] Federal Respondents do not

---

[2] The Eighth Circuit has not yet decided this issue. The Court of Appeals held oral argument on February 19, 2026, in *Avila v. Bondi*, No. 25-3248, raising this legal question in a habeas case currently on appeal. Of the two Courts of Appeals to have considered the issue, the Seventh Circuit has rejected the federal government's interpretation, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1050-62 (7th Cir. 2025), and the Fifth Circuit has largely adopted the federal government's interpretation, *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4-10 (5th Cir. Feb. 6, 2026).

The majority view among district courts, including of district courts in the Eighth Circuit, adopts the same conclusion as this Court and rejects the federal government's interpretation of § 1225(b)(2)(A) as the controlling detention provision in similar habeas cases. *See, e.g., Angel-Becerril v. Noem*, No. 4:26CV3031, 2026 WL 446455 (D. Neb. Feb. 17, 2026); *Riky A.M.L. v. Bondi*, No. 26-1429 (JRT/JFD), 2026 WL 452419 (D. Minn. Feb. 17, 2026); *Yanchaliquin v. Bondi*, No. 8:25CV743, 2026 WL 412453 (D. Neb. Feb. 13, 2026); *Singh v. Easterwood*, No. 4:26CV3033, 2026 WL 381898 (D. Neb. Feb. 11, 2026); *Alex H. v. Bondi*, No. 26-CV-1255 (JMB/DTS), 2026 WL 381688 (D. Minn. Feb. 11, 2026); *Victor O. v. Bondi*, No. 26-CV-1122 (ECT/LIB), 2026 WL 392428 (D. Minn. Feb. 11, 2026); *Singh v. McDaniel*, No. C26-0003-LTS, 2026 WL 369757 (N.D. Iowa Feb. 10, 2026); *Miguel T.G. v. Bondi*, No. 26-CV-243 (NEB/ECW), 2026 WL 172722 (D. Minn. Jan. 22, 2026); *Victor S.M. v. Noem*, No. 26-400 (DWF/EMB), 2026 WL 161445 (D. Minn. Jan. 21, 2026); *Sara G. v. Bondi*, No. 26-335 (DSD/DJF), 2026 WL 163000 (D. Minn. Jan. 21, 2026); *Beltran v. Bondi*, No. 25-04604 (MJD/DTS), 2025 WL 3719856 (D. Minn. Dec. 23, 2025); *Hugo v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074 (D. Minn. Dec. 19, 2025); *Alvarez v. Lyons*, No. 8:25-CV-672, 2025 WL 3564733 (D. Neb. Dec. 12, 2025); *Ramirez-Ramirez v. Beuter*,

Case 6:26-cv-03096-RK    Document 10    Filed 03/06/26    Page 2 of 3

argue, and the Court would not be persuaded, that Petitioner's pending application for asylum, withholding of removal, and relief under CAT changes this analysis. *See Bashir K.A. v. Klang*, No. 25-cv-4559 (KMM/DJF), 2026 WL 452353, at *7 (D. Minn. Feb. 17, 2026) (holding that "the fact that Bashir has applied for asylum does not support mandatory detention under § 1225(b)(2)") (collecting cases).

Based on the plain text and meaning of the relevant statutes, the Court finds as a matter of law, consistent with the prior orders referenced above, that the Immigration and Nationality Act does not authorize Petitioner's mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Instead, the relevant and applicable detention provision is 8 U.S.C. § 1226(a). Accordingly, Petitioner is lawfully entitled to bond consideration. The Court therefore **ORDERS** that the Petition for Writ of Habeas Corpus, (Doc. 1), is **GRANTED** in this regard. The Court **FURTHER ORDERS** that Petitioner be released or granted a bond hearing within 10 days of the date of this Order.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: March 6, 2026

---

No. 25-CV-185-CJW-MAR, 2025 WL 3499057 (N.D. Iowa Dec. 5, 2025); *Leonel V.F. v. Bondi*, No. 25-CV-4474 (PJS/LIB), 2025 WL 3485600 (D. Minn. Dec. 4, 2025); *Adonay E.M. v. Noem*, __ F. Supp. 3d __, 2025 WL 3157839 (D. Minn. Nov. 12, 2025); *Mayamu K. v. Bondi*, No. 25-3035 (JWB/LIB), 2025 WL 3641819 (D. Minn. Oct. 20, 2025); *Barrajas v. Noem*, No. 4:25-cv-00322-SHL-HCA, 2025 WL 2717650 (S.D. Iowa Sept. 23, 2025); *Marcelo v. Trump*, 801 F. Supp. 3d 807 (S.D. Iowa Sept. 10, 2025).