# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

SURKHAB SINGH,               )
                            )
                Petitioner,  )
                            )
        v.                   )        Case No. 6:26-cv-03096-RK
                            )
TODD BLANCHE,[1] et al.,      )
                            )
                Respondents. )

## ORDER

Before the Court is Petitioner Surkhab Singh's Motion to Enforce Court Order. (Doc. 12.) The motion is fully briefed. (Docs. 14, 15.) After careful consideration and review, and for the reasons explained below, the Court **ORDERS** that the motion is **DENIED**.

## Discussion

Petitioner Surkhab Singh is a citizen of India who entered the United States without authorization on May 9, 2023. In July 2023, Petitioner was issued a Notice to Appear but otherwise released on his own recognizance under an Order of Supervision. Two years later, on November 22, 2025, Petitioner was detained by federal immigration authorities and held without a bond hearing. Prior to his detention, Petitioner had submitted an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), which application remained pending at the time of his detention.[2]

On February 11, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. The Court granted habeas corpus relief on March 6, 2026. (Doc. 10.) Specifically, the Court found that, as a matter of statutory interpretation of federal immigration law, Petitioner was not subject to mandatory detention without a bond hearing under 28 U.S.C. § 1225(b)(2)(A), but was instead subject to discretionary detention under 28 U.S.C. § 1226, which requires a bond hearing. (*See generally id.*) Accordingly, the Court ordered that Petitioner be released or granted a bond hearing within 10 days of the Court's Order (or by March 16, 2026). (*Id.* at 3.) It appears

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd Blanche as Acting Attorney General of the United States is substituted for Respondent Pam Bondi.

[2] As best as the Court can tell, Petitioner's application remains pending.

that a bond hearing was held on March 10, 2026, after which the Immigration Judge denied bond. (*See* Doc. 12 at 61-64.)

In his motion to enforce, Petitioner argues that the bond hearing violated the Court's habeas Order. The Immigration Judge denied bond based in part on the likelihood Petitioner would be granted favorable relief as to his application for asylum, withholding of removal, and CAT relief. (*See generally* Doc. 12 at 64-61.) Petitioner asserts that the Court's habeas Order included "clear instructions . . . that Petitioner's pending [asylum, withholding of removal, and CAT] claims would not be a persuasive factor in deciding custody." (Doc. 12 at 5.) Petitioner misreads the Court's habeas Order in this regard. In context, the Court only found that the fact of Petitioner's pending application for asylum and other relief did not change its analysis whether his detention was lawful under 28 U.S.C. § 1225(b)(2)(A) or was instead grounded in 28 U.S.C. § 1226. (*See* Doc. 10 at 3 (citing *Bashir K.A. v. Klang*, No. 25-cv-4559 (KMM/DJF), 2026 WL 452353, at \*7 (D. Minn. Feb. 17, 2026).) The Court did not address whether or how the pending application for asylum and other relief should (or could) be weighed by the Immigration Judge in the context of the required bond hearing. In short, Petitioner's argument that the Immigration Judge's decision to deny bond violated the Court's habeas Order in this way is without merit.

Petitioner also raises a due process challenge to the bond hearing. He argues that the hearing did not comply with due process because it did not require the Government to prove by clear and convincing evidence that Petitioner poses a danger or flight risk, but that the Immigration Judge instead placed the burden on Petitioner. The Court questions whether this claim is properly asserted in a post-judgment motion to enforce the Court's habeas Order brought pursuant to Rule 70 of the Federal Rules of Civil Procedure. Regardless, the Court finds that considering a subsequent development in binding circuit caselaw, the instant motion to enforce is not the proper vehicle for a due process challenge to the bond hearing and is instead rendered moot.

Following the Court's habeas Order and Petitioner's bond hearing held pursuant to the Court's habeas Order—but prior to Petitioner's motion to enforce—the Eighth Circuit addressed the same statutory interpretation issue on which the Court had granted Petitioners' motion for habeas relief in an appeal from a different case. In *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), the Eighth Circuit held that aliens present in the United States without authorization (under similar circumstances as Petitioner here) could lawfully be detained (without a bond hearing) as a matter of federal immigration law pursuant to 28 U.S.C. § 1225(b)(2)(A). *Id.* at 1133-38. Petitioner did

not address *Avila* in his motion to enforce.  In his reply, however, Petitioner "acknowledges that *Avila* is adverse on the detention-authority question" but asserts that it "does not resolve the question now before the Court: whether the [bond determination] hearing" complied with due process.  (Doc. 15 at 3-4.)  The Court disagrees with Petitioner's assessment of the impact of *Avila* as to the relief requested pursuant to the instant motion to enforce.

To be sure, at the time of the Court's habeas Order and the required bond hearing before the Immigration Judge, the Eighth Circuit had not yet decided for this circuit whether an alien in similar circumstances as Petitioner here could be detained without a bond hearing pursuant to 28 U.S.C. § 1225(b)(2)(A).  After *Avila*, the prevailing law in the Eighth Circuit is that an alien in similar circumstances as Petitioner here *can* be lawfully detained under federal immigration law without a bond hearing pursuant to 28 U.S.C. § 1225(b)(2)(A).  As Petitioner acknowledges, *Avila* is directly at odds with the Court's prior habeas Order which granted habeas relief solely on Petitioner's statutory interpretation argument.

Notwithstanding any other potential avenue of relief that may be available to Petitioner, *Avila* effectively forecloses or renders as moot the relief Petitioner requests here to enforce the prior habeas Order.  *See Lang v. Soc. Sec'y Admin.*, 612 F.3d 960, 966 (8th Cir. 2010) ("The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." (internal quotation marks omitted; quotation modified)); *Kennedy Building Associates v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004) ("A case becomes moot if it can be said with assurance that there is no reasonable expectation that the violation will recur or if interim relief or events have completely and irrevocably eradicated the effect of the alleged violation.").

Considering *Avila*, the Court finds that Petitioner's post-judgment motion to enforce is not the proper vehicle to address the broader issue underlying Petitioner's argument, which considers what is required for an immigration bond hearing to satisfy due process.  A necessary prerequisite to this question is that Petitioner is entitled to an immigration bond hearing as a matter of due process in the first instance.  The habeas Order Petitioner seeks to enforce granted habeas relief finding that a bond hearing was required under federal immigration law as a matter of statutory interpretation.  The Eighth Circuit's subsequent decision in *Avila*, which is binding precedent on this Court, establishes, effectively, that Petitioner may be detained without a bond hearing under federal immigration law.  Petitioner's motion to enforce the prior habeas Order raising a due

process challenge to the bond detention hearing conducted in accordance with the Court's habeas Order is therefore moot.

## Conclusion

Accordingly, after careful consideration and review, and for the reasons explained above, the Court **ORDERS** that Petitioner's motion to enforce, (Doc. 12), is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  July 6, 2026

4